ORAL ARGUMENT NOT YET SCHEDULED

APPEAL NO. 23-3098

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,                                          APPELLEE

v.

KELLY MEGGS,                                                       APPELLANT.

**MOTION TO WITHDRAW AS COUNSEL FOR**
**APPELLANT KELLY MEGGS**

The undersigned hereby respectfully moves this Court to allow the undersigned to withdraw as counsel of record in this matter, pursuant to the District of Columbia Rules of Professional Conduct 1.16(b), (c).[1] The undersigned states that he has notified Mr. Meggs of the potential consequences of the undersigned's

---

[1] It is unclear what rules govern withdrawal in the Court of Appeals for the District of Columbia Circuit. The District Court for the District of Columbia explicitly notes that that the District of Columbia Rules of Professional Conduct govern, "practice of law in this District." *Paul v. Judicial Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008) (citing Rules of the United States District Court for the District of Columbia, LCvR 83.15). The Federal Rules of Appellate Procedure and the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit are silent on procedure for withdrawing the appearance of counsel. As such, this motion relies upon the District of Columbia Rules of Professional Conduct.

1

withdrawal from this matter, and Mr. Meggs has signaled his assent to such withdrawal.

In support of this motion, the undersigned respectfully states that the undersigned's withdrawal from this matter would not have an adverse material effect on Mr. Meggs's appeal or any of his interests. D.C. Code of Professional Conduct Rule 1.16(b)(1). The consolidated principal appellate brief is not due until March 11, 2025, meaning Mr. Meggs has nearly two months to secure representation either through the public defender's office or through other retained counsel. Further, Mr. Meggs's co-appellants are all represented by counsel and were convicted of similar counts under the same set of facts alleged in the operative indictment, meaning that Mr. Meggs's interests are likely to be represented by the counsel of his co-appellants.

Other good cause for granting this motion also exists. D.C. Code of Professional Conduct Rule 1.16(b)(7). For the Court's awareness, the undersigned was asked and has agreed to join the Presidential Administration of President-elect Donald J. Trump.[2] Relevant statutes and case law state that a presidential appointee must prioritize a smooth transition into such role, including taking the "appropriate actions" to "avoid or minimize any disruptions" to the presidential transition. 3 U.S.C. 102 note, § 2; *see also United States v. Cisneros*, 169 F.3d 763, 764 (1999)

---

[2] *Statement of President Donald J. Trump*, Trump Vance 2025 Transition, Inc. (Jan. 4, 2025), https://www.trumpvancetransition.com/s/trump-announces-additional-wh-staff-.

2

(citing U.S. CONST. amend. XX, § 1) ("For a smooth transition, the selection of potential nominees, the investigations of their backgrounds, and the adjudications of their security clearances must begin *well before the President takes the oath on January 20th*.") (emphasis added).  The undersigned's unique situation and the necessity to prioritize important federal functions serve as further good cause for this Court to grant the instant motion and allow the undersigned to withdraw as counsel for Mr. Meggs in this matter.

## CONCLUSION

For the reasons contained herein, the undersigned respectfully requests that the Court grant the instant motion and allow the undersigned to withdraw as counsel of record for Appellant Kelly Meggs.

Dated: January 20, 2025

Respectfully Submitted,

*Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Appellant Kelly Meggs*

3

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Fed. R. App. P. 32(g), that the foregoing motion complies with the page and type-volume limitation because it contains 645 words. I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the Motion to Withdraw was prepared in 14-point Times New Roman font using Microsoft Word.

                                                              /s/
                                            Stanley E. Woodward Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, January 20, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system. Further, I hereby certify that on or about Monday, January 20, 2025, a true and correct copy of the foregoing motion was sent via FirstClass Mail to Appellant Kelly Meggs's last-known address: FCI Memphis, 1101 John A. Denie Road, Memphis, TN 38134.

                                                              /s/
                                            Stanley E. Woodward Jr.